UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                     Case No.:  19-24646-BKC-LMI
                                                           Chapter 7

**BETTINA HAUSER**
SSN: XXX-XX-6809
        Debtor.           /

### TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION, REPURCHASE AND DISPOSITION OF DEBTOR'S NON-EXEMPT SCHEDULED PROPERTY

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Scott N. Brown, as Chapter 7 trustee of the bankruptcy estate of Bettina Hauser (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files his Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation, Repurchase and Disposition of Debtor's Non-Exempt Scheduled Property (the "Motion"), and in support thereof, states as follows:

### I. Background

1.     This case commenced as a Chapter 12 proceeding on October 31, 2019 (the "Petition Date"). On November 25, 2020, the case was converted to Chapter 7, and shortly thereafter, Scott N. Brown was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

2.     The § 341 Meeting of Creditors in the Chapter 7 case was held and concluded on December 28, 2020.

**The Non-Exempt Foreign Real Property**

3. The Debtor's Amended Schedule "A/B" (ECF No. 62) lists, among other things, the Debtor's 1/6 interest in real property located in Budapest Hungary on Line 1.1 with a scheduled value of $16,666.00 (the "Hungarian Real Property")

4. The Debtor acknowledges that she is over-exempt and has advised the Trustee that she wishes to repurchase her non-exempt interest in the Hungarian Real Property and resolve any and all issues with the Trustee regarding her other scheduled property; and the Trustee recognizes the difficulties, expense and uncertainty associated with marketing and liquidating a fractional interest in foreign real property.

## II. The Proposed Settlement[1]

5. Accordingly, in light of, among other things, the expense and uncertainty of: (a) litigation; and (b) liquidating the Hungarian Real Property, and in order to provide for the expeditious administration of this Estate, the Trustee and the Debtor have reached a settlement with respect to: (a) the valuation and repurchase of the Estate's right, title and interest in the Hungarian Real Property; and (b) the disposition of all other scheduled personal property, on the term and condition set forth in the Stipulation for Compromise and Settlement Regarding Valuation, Repurchase and Disposition of Debtor's Non-Exempt Scheduled Property (the "Stipulation"), a true and correct copy of which is attached hereto as **Exhibit "A"** and incorporated by reference.

6. Pursuant to the terms of the Stipulation, and notwithstanding the dispute regarding: (a) Petition Date fair market value of the Hungarian Real Property; and (b) any claimed

---

[1] The following is a summary of the key terms of the Proposed Settlement. The terms of the Stipulation control and all parties are urged to review same. All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Stipulation.

00523775.DOCX

exemptions, the Trustee and the Debtor agree that the Petition Date fair market value of the Debtor's non-exempt interest in the Hungarian Real Property is $5,500.00.

7. Accordingly, the Debtor has agreed to pay to the Trustee, and the Trustee has agreed to accept, the total sum of $5,500.00 in cleared funds (the "Settlement Amount"), as payment for the repurchase of the Estate's right, title and interest in the Hungarian Real Property. The Debtor has agreed to pay the Settlement Amount as follows: eleven (11) equal, consecutive monthly installments of $500.00 each, beginning on February 15, 20201 and continuing on the 15th day of each month thereafter, until paid in full.

8. The Stipulation also contains, among other things: (a) representations and warranties by the Debtor; and (b) a default provision that provides for revocation of the Debtor's discharge in the event that the terms and conditions of the Stipulation are breached.

### III. Legal Standard for Settlement

9. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[2]

10. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.),* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

---

[2] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, *inter alia*, relief without a hearing for motions to approve settlement.
00523775.DOCX

11.     The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

12.     According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a)     the probability of success in the litigation;
> (b)     the difficulties, if any, to be encountered in the matter of collection;
> (c)     the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d)     the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd.* (*In re Justice Oaks II. Ltd.*), 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

13.     Because, among other things, the Proposed Settlement: (a) avoids the expense and uncertainty of litigation; (b) avoids the expense and uncertainty of marketing and liquidating the Hungarian Real Property; (c) monetizes the Estate's right, title and interest in the Hungarian Real Property in relatively short order; and (d) contains a default provision that provides for revocation of discharge in the event of a default (thereby significantly reducing the likelihood of collection risk), the Trustee believes that the Proposed Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement as fair and reasonable, within the reasonable range of possible litigation outcomes, and in the best interests of this Estate and its creditors. In addition, the Proposed Settlement minimizes additional administrative expenses to the Estate, will increase the dividend available to creditors, and will allow for a distribution of sums and proceeds within a reasonable time.

14. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as **Exhibit "B**.**"**

**WHEREFORE**, Scott N. Brown, as Chapter 7 trustee of the bankruptcy estate of Bettina Hauser, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) approving the Proposed Settlement and the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 8, 2021, a true and correct copy of the foregoing was served as follows:

via electronic transmission to

- Timothy S Kingcade    scanner@miamibankruptcy.com, kingcadeserve@bellsouth.net; r46540@notify.bestcase.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

and via U.S. Mail to all parties on the attached service list.

/s/ Scott N. Brown
Scott N. Brown, Trustee
SunTrust International Center
One Southeast Third Avenue – Suite 1400
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
Email: sbrown@bastamron.com

00523775.DOCX

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                      Case No.: 19-24646-BKC-LMI
                                                            Chapter 7
**BETTINA HAUSER**
SSN: XXX-XX-6809

_____Debtor._____/

## STIPULATION FOR COMPROMISE AND SETTLEMENT
## REGARDING VALUATION, REPURCHASE AND DISPOSITION OF
## DEBTOR'S NON-EXEMPT SCHEDULED PROPERTY

Scott N. Brown, as Chapter 7 trustee of the bankruptcy estate of Bettina Hauser (the "Trustee"), and the Debtor, Bettina Hauser (the "Debtor"), enter into this Stipulation for Compromise and Settlement Regarding Valuation, Repurchase and Disposition of Debtor's Non-Exempt Scheduled Property (the "Stipulation"), and agree as follows:

### I. Background

1.  This case commenced as a Chapter 12 proceeding on October 31, 2019 (the "Petition Date"). On November 25, 2020, the case was converted to Chapter 7, and shortly thereafter, Scott N. Brown was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

2.  The § 341 Meeting of Creditors in the Chapter 7 case was held and concluded on December 28, 2020.

**The Non-Exempt Foreign Real Property**

3.  The Debtor's Amended Schedule "A/B" (ECF No. 62) lists, among other things, the Debtor's 1/6 interest in real property located in Budapest Hungary on Line 1.1 with a scheduled value of $16,666.00 (the "Hungarian Real Property").

4.  The Debtor acknowledges that she is over-exempt and has advised the Trustee that she wishes to repurchase her non-exempt interest in the Hungarian Real Property and resolve any and all issues with the Trustee regarding her other scheduled property; and the Trustee recognizes the difficulties, expense and uncertainty associated with marketing and liquidating a fractional interest in foreign real property.

## II. The Settlement

5.  Accordingly, in light of, among other things, the expense and uncertainty of marketing and liquidating the Hungarian Real Property and the Debtor's other non-exempt scheduled personal property, and in order to provide for the expeditious administration of this Estate, the Trustee and the Debtor have reached a settlement with respect to: (a) the valuation and repurchase of the Estate's right, title and interest in the Hungarian Real Property; and (b) the disposition of all other scheduled personal property, on the terms and conditions set forth below, subject to Bankruptcy Court approval.

6.  Notwithstanding the: (a) Petition Date fair market value of the Hungarian Real Property and the Debtor's other scheduled personal property; and (b) any claimed exemptions, the Trustee and the Debtor agree that the Petition Date fair market value of the Debtor's non-exempt interest in the Hungarian Real Property is $5,500.00.

7.  Accordingly, the Debtor agrees to pay to the Trustee, and the Trustee agrees to accept, the total sum of $5,500.00 in cleared funds (the "Settlement Amount") as payment for the repurchase of the Estate's right, title and interest in the Hungarian Real Property. The Debtor agrees to pay the Settlement Amount as follows: eleven (11) equal, consecutive monthly installments of $500.00 each, beginning on February 15, 20201 and continuing on the 15th day of each month thereafter, until paid in full. Each payment shall be made by money order or cashier's

00578722.DOCX 2

Case No.: 19-24646-BKC-LMI

check made payable to "Scott N. Brown, Trustee," for the benefit of the Estate, and delivered to Scott N. Brown, Trustee, c/o Bast Amron LLP, SunTrust International Center, One Southeast Third Avenue, Suite #1400, Miami, Florida 33131.

8. Provided that the Debtor timely complies with her obligations under this Stipulation, the Trustee agrees not to: (a) object to any of the Debtor's claimed exemptions; or (b) seek turnover of any scheduled personal property, and to deem same abandoned at case closing.

### III. Other Terms and Condition

9. The Debtor agrees and acknowledges that the sale of the Estate's right, title and interest in the Hungarian Real Property is "AS-IS, WHERE-IS," with no representations or warranties of any type being given by the Trustee or his professionals, and subject to all liens, claims, encumbrances and interests, whether known or unknown.

10. As a material inducement to the Trustee's entry into this Stipulation, the Debtor represents and warrants that: (a) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings") is true, correct and accurate; (b) the Pleadings contain no material errors, omissions or misrepresentations; (c) all information and documentation provided to the Trustee (collectively, the "Documents") is true, correct and accurate; and (d) the Documents contain no material errors, omissions or misrepresentations.

11. By execution this Stipulation, the Debtor agrees to extensions of the Trustee's deadlines to file: (a) objections to the Debtor's claimed exemptions; and (b) a complaint objecting to the Debtor's discharge, through and including 21 days following the entry of an order approving or denying this Stipulation; and consents to the filing of an agreed *ex parte* motion by the Trustee authorizing same.

00578722.DOCX 2

12. In the event the Debtor fails to comply with the terms of this Stipulation, or should the Trustee discover that any of the Debtor's representations or warranties contained herein are untrue, the Trustee, after providing written notice of default to Debtor's counsel and allowing a five (5) day cure period, has the right to proceed against any and all assets of the Debtor including, but not limited to, the property the Debtor has claimed as exempt, for the remainder of amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, in the event of an uncured default of this Stipulation, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. § 727(a)(10), Debtor agrees to waive any procedural requirements prior to the entry of an order revoking her discharge. However, no discharge shall be revoked without hearing.

13. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

14. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signature.

Case No.: 19-24646-BKC-LMI

15. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida, in the above captioned case.

Dated this 2nd day of ~~January~~ Feb, 2021

_____
Bettina Hauser, Debtor
7735 N.E. 4th Court - #4
Miami, FL 33138

Dated this 3rd day of ~~January~~ Feb, 2021

_____
Scott N. Brown, Trustee
One Southeast Third Avenue, Suite 1400
Miami, FL 33131
(305) 379-7904
sbrown@bastamron.com

Dated this 2nd day of ~~January~~ Feb., 2021

_____
Jessica L. McMaher for
Timothy S. Kingcade, Esq.
Attorney for the Debtor
1370 Coral Way
Miami, Florida 33145
(305) 285-9100
tsk@miamibankruptcy.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                            Case No.: 19-24646-BKC-LMI
                                                                                  Chapter 7
**BETTINA HAUSER**
SSN: XXX-XX-6809

_____Debtor._____/

**ORDER GRANTING SCOTT N. BROWN, TRUSTEE'S MOTION TO
APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT
REGARDING VALUATION, REPURCHASE AND DISPOSITION OF DEBTOR'S
<u>NON-EXEMPT SCHEDULED PROPERTY</u>**

**THIS CAUSE** having come before the Court upon *Scott N. Brown, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding, Valuation, Repurchase and Disposition of Debtor's Non-Exempt Scheduled Property* (ECF No. ) (the "Motion"),[1] and the Court, having been advised by movant through the submission of the instant order that: (i) the Motion was served on all parties required by Local Rule 9013-1(D); (ii) the 21-day response time provided by that rule has expired; (iii) no one has filed, or served on the movant, a response to the

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

00523774.DOCX

Motion; and (iv) the form of order was attached as an exhibit to the Motion; having reviewed the Motion, the Stipulation attached as Exhibit "A" to the Motion (the "Stipulation"), and the Court file, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D) and any other applicable notice requirement, it is

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached as Exhibit "A" to the Motion.

3. Without limiting the generality of the foregoing, the Trustee is authorized to: (a) take such actions; and (b) execute such documents, as he deems reasonable, necessary and/or desirable to effectuate the settlement.

4. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce same.

###

Submitted By:

Scott N. Brown, Trustee
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Email: sbrown@bastamron.com

Copy furnished to:
Scott N. Brown, Trustee
Trustee, Scott N. Brown shall serve copies of this Order on all interested parties and file a Certificate of Service.

00523774.DOCX

```
2500 Biscayne Property LLC           American Express National Bank c/o   American Express National Bank,
2500 Biscayne Blvd Apt., 610         Zwicker &                            AENB
Miami, FL 33137-4565                 80 Minuteman Road                    c/o Zwicker and Associates, P.C.
                                     P.O. Box 9043                        Attorneys/Agents for Creditor
                                     Andover, MA 01810-0943               Andover, MA 01810-0943


                                     Amex
Amex                                 Correspondence/Bankruptcy            BANK OF AMERICA
P.o. Box 981537                      Po Box 981540                        PO BOX 982238
El Paso, TX 79998-1537               El Paso, TX 79998-1540               EL PASO, TX 79998-2238


                                     Bank of America
Bank of America                      4909 Savarese Circle                 Bettina Hauser
Po Box 982238                        Fl1-908-01-50                        7735 NE 4 Court #4
El Paso, TX 79998                    Tampa, FL 33634-2413                 Miami, FL 33138-5068


                                     BMW Bank of North America, c/o AIS
BMW Bank                             Portfolio                            Bmw Financial Services
Pob 78066                            4515 N Santa Fe Ave. Dept. APS       5515 Parkcenter Cir
Phoenix, AZ 85062-8066               Oklahoma City, OK 73118-7901         Dublin, OH 43017


BMW FINANCIAL SERVICES               Bmw Financial Services               Caine & Weiner
CUSTOMER SERVICE CENTER              Attn: Bankruptcy Department          Attn: Bankruptcy
PO BOX 3608                          Po Box 3608                          5805 Sepulveda Blvd
DUBLIN, OH 43016-0306                Dublin, OH 43016                     Sherman Oaks, CA 91411-2546


Caine & Weiner                       CAINE & WEINER COMPANY               Checksystems
Po Box 55848                         12005 FORD ROAD 300                  7805 Hudson Rd
Sherman Oaks, CA 91413               DALLAS, TX 75234-7262                Saint Paul, MN 55125-1703


                                     David Caballero                      David O. Caballero, Esq.
Child Support Enforcemment           Cole, Scott & Kissane                Cole Scott & Kissane, P.A.
PO Box 8030                          9150 South Dadeland Blvd             Dadeland Centre II
Tallahassee, FL 32314-8030           Miami, FL 33156-7855                 Miami, FL 33156-7855


Department of the Treasury           EdFinancial Services                 EdFinancial Services
Po Box 21126                         120 N Seven Oaks Drive               Attn: Bankruptcy
Philadelphia, PA 19114               Knoxville, TN 37922-2359             Po Box 36008
                                                                          Knoxville, TN 37930-6008


Equifax                              Experian                             Florida Department Of Revenue
Po Box 740241                        Po Box 2002                          5050 W Tennessee St
Atlanta, GA 30374-0241               Allen, TX 75013-2002                 Tallahassee, FL 32399-0100


Glendys Berguin
Landlord 2500 Biscayne               Hsbc Bank                            Hsbc Bank
2500 Biscayne Blvd                   Po Box 2013                          Attn: Bankruptcy
Miami, FL 33137-4504                 Buffalo, NY 14240-2013               Po Box 2013
                                                                          Buffolo, NY 14240-2013
```

```
Hsbc Bank                          Hsbc Bank                                    HSBC Bank USA, N.A.
95 Washington St                   Hsbc Card Srvs/Attn: Bankruptcy              2929 Walden Ave C17
Buffalo, NY 14203-3006             Po Box2013                                   Attn:Business Services
                                   Buffalo, NY 14240-2013



INTERNAL REVENUE SERVICE           IRS Centralized Bankruptcy
CENTRALIZED INSOLVENCY OPERATIONS  Department                                   MediCredit, Inc.
PO BOX 7346                        PO Box 7346                                  PO Box 1629
PHILADELPHIA, PA 19101-7346        Philadelphia, PA 19101-7346                  Maryland Heights, MO 63043-0629



Mercedes-Benz Financial Services   Mercedes-Benz Financial Services
Attn: Bankruptcy Dept              P.o. Box 961                                 Miami
Po Box 685                         Roanoke, TX 76262-0961                       (Address not available)
Roanoke, TX 76262-0685



                                                                                Porsche Leasing Ltd.
Mikael Hamaoui                     Porsche Financial Srvc                       c/o David O Caballero
1200 Brickell Avenue #680          1 Porsche Dr                                 9150 S Dadeland Blvd., Suite 1400
Miami, FL 33131-3209               Atlanta, GA 30354-1654                       Miami, FL 33156-7855



                                   Ryan Clancy, Esq.                            Ryan R McCain, Esq.
Porsche Leasing, Ltd.              Ainsworth + Clancy, PLLC                     Barfield, McCain, PA
One Porsche Drive                  1111 Brickell Avenue, Suite 1100             4241 Northlake Blvd., Suite B
Atlanta, GA 30354-1654             Miami, FL 33131-3122                         Palm Beach Gardens, FL 33410-6235



Syncb/sunglass Hut                 Syncb/sunglass Hut                           Transunion
Attn: Bankruptcy                   C/o Po Box 965036                            Po Box 1000
Po Box 965060                      Orlando, FL 32896-0001                       Chester, PA 19016-1000
Orlando, FL 32896-5060
```